267 P.2d 915

BURNHAM et al. v. REID et al.

No. 7993.

Supreme Court of Utah.

March 15, 1954.

J. D. Skeen and F. Robert Bayle, Salt Lake City, for appellants.

Backman, Backman & Clark, Salt Lake City, for respondents.

MARTIN M. LARSON, District Judge.

Appeal from a declaratory judgment in the District Court of Salt Lake County. Affirmed.

Herein the appellants will be referred to as Burnhams, and defendants as Reids and Laytons, respectively.

Suit for declaratory judgments on two causes of action. The first cause involves the ownership and right to the sum of $6,-258.05 on deposit in escrow in Zion's Savings Bank and Trust Company in Salt Lake City, Utah. The second cause involves the ownership of certain lands in Blaine County, Idaho, and the right to the crops grown thereon during the year 1950.

In 1946 Clifton B. Layton entered into a contract of purchase of the Cove Ranch in

Blaine County, Idaho, for the sum of $70,-000. Being unable to raise the payments as provided by the contract, Burnhams advanced the money that paid off the contract and took the title in their names, as successors in interest of the seller. In the meantime, Layton had put a $10,000 mortgage on the property in the favor of Christensen and Rosebraugh. In 1947 suit was brought in the District Court for Blaine County, Idaho, to foreclose this mortgage. All parties involved herein except Reids were parties to the action. The Court held that Burnhams held the title as security for their money advanced to pay the Cove Ranch Company, the seller under the contract, and made Burnhams' claim for all moneys advanced a first claim and lien on the property. By decree the Court foreclosed the Christensen mortgage and ordered a sale of the property, directing:

First: That from the proceeds the Burnham claims be paid in full with interest.

Second: That the amount due under the Christensen mortgage, with costs and attorneys fees (the foreclosure judgment), be next paid in full.

Third: Any balance to be paid to Burnhams as holder of the fee.

At the sheriff's sale, Burnhams became the purchasers for the sum of $71,451.06, on June 2, 1950, and received the sheriff's certificate of sale. The sale price paid the costs and all Burnhams' claims in full. On motion duly made, the Court determined and fixed the amounts necessary to redeem from the sale, in the sum of $80,542.90. The Laytons assigned to Reids their rights of redemption, and delivered to Reids quit claim deeds of all the property covered by the Certificate of Sale. On September 11, 1950, within the redemption period, Reids paid to Burnhams the redemption amount with interest, plus such further sums as Burnhams had expended on the property since the foreclosure judgment, with interest and received a proper certificate of redemption.

During the year 1950, the lands had been in possession of Nek Stelma, under a farm crop tenancy, whereby the landlord was to receive one third of all grain and one half of all hay raised and harvested, the rest of the crop to go to the tenant. At the time of redemption the crops had not been completely harvested nor had they been divided. A difference of opinion arose between Burnhams and Reids as to who should have the crop. In connection with the redemption, and a few days before the money was paid over, they entered into a written contract relative to the crop money, whereby the tenant was given his share, Reids were given one third of the landlord's share, representing the proportion of the year's rental covered by the last quarter of the year when the title would be in Reids, the redemptioner and successor in interest to the fee title holders. The balance of the landlord's share, to-wit: $6,258.05 was deposited in escrow in Zion's Savings Bank

and Trust Company pending a determination as to the rights and ownership therein. That poses the question involved in the first cause of action.

Burnhams contend that they were the owners of the property in fee simple from January, 1948, until the foreclosure sale in June, 1950, and as purchasers from that date until redemption on September 11, 1950, and are, therefore, entitled to all the escrowed money.

Reids maintain that Burnhams had no interest in the lands except as a lienor, as a holder of the fee merely as security for their loans to Layton, and were, therefore, merely in effect a mortgagee, the equitable title being in Layton, the purchaser under the contract from Cove Ranch Company, and Reids being the assignee of redemption rights and interest in the property and holder of quit claim deeds from Layton, have all the interests of the landlord in the property except the period from sheriff's sale to redemption.

The trial court adopted Reids' position and allocated the escrowed fund by awarding Reids the rents from January 1, 1950, to June 6, 1950, and Burnhams the rents during the period they stood as purchasers at sheriff's sale to redemption, to-wit: From June 6, to September 11, 1950.

■ The position taken by the trial court was correct. . The Idaho Court, having before it the parties and issues as to Burnhams' interest in the property, determined that Burnhams were not the equitable owners of the property, but merely holders of a first lien thereon and directed that they be paid first from the sale which was done. Burnhams accepted the money which extinguished their debt and left them merely as purchasers at sheriff's sale. Having accepted the benefits of the judgment of the Idaho Court, and not having appealed therefrom, Burnhams are bound thereby. It is now res adjudicata. Furthermore, this court has no power to review or modify the holdings or decisions of the Idaho Court. We must and do give it full faith and credit.

■ As to the second cause of action—Burnhams seek a Declaratory Judgment adjudging them to be the owners of certain grain harvested upon 160 acres of land, in Idaho which were not included in the lands covered by the mortgage foreclosure nor the Certificate of Sale, nor the Redemption Certificate, nor quit claim deeds in relation thereto. Both parties base their claims upon an asserted interest in, and ownership of this 160 acre tract, and issues are raised involving possible interests in the wheat by persons not made parties to the action. The trial court denied the motion for a declaratory judgment as to the ownership of the wheat involved in the second cause of action because the court could make no order or judgment as to the matters involved therein which could decide or terminate the controversy. In so holding the trial court was correct.

The judgment as to both causes of action is affirmed. Costs to respondents.

McDONOUGH, HENRIOD, CROCKETT, and WADE, JJ., concur.

WOLFE, C. J., being disqualified does not participate herein.